FILED
IN CLERKS OFFICE
2017 APR 28 AM 8 15
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO 1:17-cv-10168-NMG

Jack Saade
Plaintiff v.

Security Connection Inc., et al
Defendants

## OPPOSITION TO OCWEN'S MOTION TO DISMISS

Plaintiff submits this opposition and respectfully requests the court to deny ("Ocwen") Ocwen Loan Servicing LLC's motion to dismiss and states as follows.

First, it should be noted that, although it is not unusual that counsels launch such a personal attack on their opponents to show clients vigorous representations, specifically so when the client(s) has/have been subject of countless government agencies lawsuits and $Billions of fines and penalties for unlawful practices (like in this instance, among other things, involve applying unlawful forced insurance charges in violation of 12 U.S.C. 2605 §§ k(1) and m, see complaint-Count 5, which was uncontested), even though, this was quite of unprecedented personal attack that crossed the line of professionalism and labeling. The motion went on to also asserts lack of compliance of "well-settled precedent in this district", "disregard[] of statutes of limitation", etc... Nevertheless, this opposition will be limited only to the facts and the applicability of precedent case law to determine this controversy. It is note worthy, however, that the case was apparently removed simply because it was assigned in the state court to the Judge who grilled the instant defendants in the landmark case of US Bank v. Ibanez. It is however

incredible that all cases that involve this subject litigation are permitted to be transferred constantly to the district court simply to avoid the type of ruling that state court would render in cases like Ibanez. That said plaintiff relies on the following that support denying Ocwen's baseless motion to dismiss.:

1. Response to the characterization made in "Statement of Allegations" page 2, that "Plaintiff also appear to assign the blame for his inability to refinance on an assignment of the Option One Mortgage to HSBC Bank". This is not an accurate statement. The complaint spells out the "failure" to obtain refinancing, which was attributed to the defendants' patterns of several years of defendants' constant misrepresentations and pretenses, specifically the last one when a staff from Homeward Residential ("Homeward"), called plaintiff in December 2012 (Complaint ¶¶ 7, 22) to inform that the refinancing was approved at last, to the contrary, it was another chapter of deception consistent with what occurred in the past three years of this deception and misrepresentations. This time, however, this instance involved the pretense that the account was sold from Homeward to Ocwen. Where in fact Ocwen owns Homeward, and Homeward still operates as Homeward, therefore the pretense that the account was transferred to Ocwen effective March 2013 after plaintiff was notified that the account was approved for low interest rate to be rejected by Ocwen. That conduct was by itself was unfair and actionable under M.G.L.c. 93A, and contrary to what argued in the motion to dismiss, there is no statute of limitation can bar this cause of action as the transfer of servicing occurred on March 1, 2013, see exhibit D, Complaint ¶ 10. Apparently defendants are attempting to dupe the court that stating that "Plaintiff also appear to assign the blame for his inability to refinance **on an assignment of the Option One Mortgage to HSBC Bank**" (emphasis added), which occurred on January 3,

2013, to argue that the operative date was January 3, 2013 so they hang their statute of limitation hat on that date, thus plaintiff is now barred to seek such claims under the statute of limitation grounds. This was indeed a desperate attempt of the defendants making such slippery reference. Nevertheless, the cited practice was the act prohibited by the FDCPA,15 U.S.C. § 1692(e)(6): "the false implication that a [] transfer of any interest in a debt shall cause the consumer to lose any claim or defense", (Count 2). Contrary to the defendants' belief, violations of FDCPA are violation of 93A, to be elaborated below. Note also that Homeward name was changed from Option One to American Home Mortgage Servicing Inc, and now Ocwen, The apparent objective was to avoid claims for improper business practices that subjected the defendants to countless penalties by various state agencies. This argument will be further addressed; it was referenced to address chronologically the contentions of the motion.

2. Clarification. The motion alluded (page 4, top page) that this litigation was initially filed in the state Superior Court, case 13-0737, however, the truth of this matter is that the defendants, which apparently were immersed with litigation defending various state and federal agencies complaints, elected not to confront the plaintiff's allegations of the state court action. After they failed to appear, Ocwen through counsel persuaded the clerk not to enter a default pursuant to Rule 55(a). The fact that Ocwen and companies elected not to appear was simply conducts of "unfair[ness]" by Ocwen and company within the meaning of section §1692f and G.L.c. 93A to wait until the statute of limitation run ( at least in their belief) and now can proceed with collection through foreclosure against defenseless plaintiff under the argument of statute of limitation. The cited conducts constituted deceptive acts actionable under both G.L.c. 93A and §1692. Note further in response of defendants' argument that the state court ruled that service of

process was improper, this is being pending before the Massachusetts Appeals Court case 17-P-104 to be determined. Note also that the defendants elected to appear and defend that appeal even though there were served in the same identical manner of action 13-0737, by mail. Note however that the defendants are being represented by the same law office of this case, asked the Appeals Court for 45 days extension. It is appropriate to indicate (even though it is irrelevant) that the basis of that appeal is that service of process by mail is permitted by Massachusetts General Law c. 223A § 6, the long arm statute. The First Circuit found it to be acceptable manner of service by mail pursuant to G.L.c. 223A in US v. Ayers. In addition, the SJC found mail service to be acceptable as well, see *Andover v State Financial* 432 Mass. 571, 736 NE 2d 837 affirming the Appeals Court similar ruling in *Andover v. State Fin. Servs., Inc.*, 48 Mass. App. Ct. 536, (2000) that mailing service of process serves to give actual notice that due process requires. The SJC cited the Supreme Court ruling in *Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950), see also *Mennonite Bd. of Missions* v. *Adams,* 462 U.S. 791, 800 (1983). See *Tulsa Professional Collection Servs., Inc.* v. *Pope,* 485 U.S. 478, 491 (1988). The First Circuit in *Untied States v. Ayers,* 857 F.2d 881,@ 887 12 Fed.R.Serv.3d 612 First Cir. 1988, (attached hereto the relevant page for the court's convenience) found the signed receipt of service of process signed by the building guard was satisfactory pursuant to G.L.c. 223A § 6(a)(3). Likewise, in the cited action 13-0707, the receipts were signed by the defendants' clerk indeed gave defendants actual notice of the suit but elected not to appear. Therefore the reference to the 13-0737 action was pointless except to defer the substance of the claims. Similarly, defendants' referenced to other litigation plaintiff due to confronting another deception by another entity. Where in fact the two entities defendants are part of the same debt

collector group of Christiana Trust and Ocwen and companies located in US Virgin Island at 402 Strand Street, Christianasted 00820. This allegation will be argued in trial. It was mentioned to in response to defendants' desperate attempt to divert the attention from the substance of the issues of the facts and law, and this was further totally disingenuous and unprofessional. Lastly, it is worthy to quote Judge Young of this District on this matter, he said in *Dixon v Wells Fargo* 798 F.Supp, 2d 336 "Many of these cases are factually similar if not identical".

**RESPONSE TO DEFENDANTS' LEGAL ARGUMENT**

3.In section IV(A), page 6, there are three arguments that Counts 1, 2 and 4 "are Timed-Barred under the statute of limitation". This will be addressed in term.

a. FDCPA. Defendants apparently now appear to accept that the operative date is the transferring of servicing from Homeward to Ocwen which it occurred on March 1, 2013, and defendants hanging their argument hat arguing that the statute of limitation of FDCPA is one year, thus plaintiff is out of luck. The defendants' belief is misplaced. Normally it is true statute of limitation of FDCPA is one year. However, the First Circuit articulated an incredible intelligent analysis where the FDCPA statute of limitation is extended to 4 years. Plaintiff though can submit the tolling argument due to the state court action 13-0737, but that is unnecessary, thanks to the First Circuit. See *McDermott v. MEEB,* 775 F.3d 109, First Cir 2014) where the court articulated the road map that leads FDCPA statute of limitation to 93A statute of limitation of four years. The court pave that road by finding FDCPA violations constitute violation of the Federal Trade Commission, see 15 U.S.C. § 1692*l*; the First Circuit went on to observe 940 CMR 3.16 Section 4, which provides that violations of the Federal Trade Commission

constitutes G.L.c. 93A violation, thus such FDCPA violations can be pled within four years. Therefore, under MEEB the argument of tolling is not warranted, however if needed, the state court was dismissed in 2016 tolling the statute of limitation, thus the one year (the defendants mistakenly referenced) would not bar the plaintiff of seeking FDCPA claims filed in January 2017.

b. The RESPA Argument

Defendants made two RESPA arguments: one as time barred, page 6, and in Section E, page 14 arguing that such RESPA claim fails regardless of being timed barred. It is therefore appropriate to address them both in one response. The timed-barred argument. Plaintiff relies on similar argument made by the First Circuit when certain statute of limitation is extended, in the above cited case the FDCPA limitation was extended to four years. In this instance, Judge Woodlock was asked to determine this very argument, see *Okoye v. Bank of New York Mellon,* 2011 U.S. Dist. LEXIS 82769, 2011 WL 3269686: he observed as follows.

He cited Barnes v. Fleet Nat'l Bank NA, 370 F.3d 164, 176 (1stCircuit, 2004), the First Circuit held that violations of the TILA, or Truth in Savings Act, 12 U.S.C. § 4301et seq constitute per se Chapter 93A violations. See also Ording, 2011 WL 99016, at *6–7. Other courts have denied motions to dismiss such Chapter 93A claims, noting that an act or practice violates Chapter 93A if it "violates the Federal Trade Commission Act, the Federal Consumer Credit Protection Act or other Federal consumer protection statutes within the purview of M.G.L. c. 93A, § 2." 940 C.M.R. § 3.16(4). **Such courts have assumed or found that RESPA is a consumer-protection statute within the meaning of § 3.16(4) and have permitted cases alleging violations of RESPA to proceed beyond the motion-to-dismiss stage**. See Martin v. TD Bank, N.A., No. 10–10409, 2011 WL 1599692, at *2 (D.Mass. Apr.27, 2011) (Zobel, J.); McDermott, 2009 WL 1298346, at *3; In re Holland, No. 06–1418, 2008 WL 4809493, at *12 (Bankr.D.Mass. Oct.30, 2008) (Feeney, Bankr.J.). Especially because the Okoyes' allegation of RESPA violations is **intertwined** with allegations of misleading statements [made by Okoyes's servicer]

In *Barnes Supra*, the First Circuit said: We construe consumer protection statutes liberally in favor of consumers. *See Bizier v. Globe Fin. Servs., Inc.,* 654 F.2d 1, 2-3 (1st Cir.1981) (construing the Truth in Lending Act broadly to protect bank customers). When construing a similar civil suit provision of the Truth in Lending Act (TILA), 15 U.S.C. § 1640, **we held that recovery was available even to a plaintiff who did not show actual damages.** *See Bizier,* 654 F.2d at 2-3. Therefore plaintiff relies on the First Circuit rulings that showing actual damages is not necessary to seek claims under RESPA. Nevertheless, plaintiff pled damages arising out, among other things, of negative credit reporting causing plaintiff damages, see Complaint ¶¶ 14,15. In addition, plaintiff is not seeking a statutory damages or even actual damages under RESPA, rather plaintiff seeks to enforce the congressional intention of the applicability of the statute that plaintiff is provided with the statutory requirement of 15 days notice prior to the transferring date, this did not occur. Plaintiff argues that such failure would render that Ocwen never had a lawful servicing under RESPA. Plaintiff put Ocwen on notice in countless letters pursuant to 93A and therefore regardless of the time, regardless whether plaintiff suffer damages, it is a legislator requirement which did not occurred, therefore Ocwen never had lawful serving entitle it to debt collection. Plaintiff sought that relief in his Prayer# E that the court finds: "Ocwen never had lawful servicing right pursuant to RESPA to entitle it to payments on the subject account, or any debt collection including but not limited to conduct foreclosure".

Defendant made a passing reference in a footnote #5 that the date of the notice was 15 days prior to the transfer and thus it complied with RESPA. Such absurd argument would make the congress objective meaningless, and therefore such argument has no merit. To recap this argument, there were deception regarding some refinancing request that spanned almost three

years of misrepresentations and false stories. The defendants changed their names multiple times in that process, and at last in December 2012, Homeward informed plaintiff that the refinancing was approved, instead the servicing was suddenly changed to Ocwen who owns Homeward scraping away the promised approved refinancing. Plaintiff was not provided with the 15 days statutory requirement, defendants cannot show that this is has occurred. In defense to the cited unfair conduct of several years of deceitful refinancing process, as consequence, plaintiff invoked RESPA provisions and contested the lawfulness of Ocwen servicing. RESPA requires that consumer is given 15 days notice when servicing is changed, this did not occur. As Judge Woodlock citing to the court that extended RESPA statute of limitation to 4 years was the allegations of unfair conducts intertwined with other violations including RESPA violations and denied the defendants' motion to dismiss under the statute of limitation claim. The First Circuit extended TILA statute of limitation in Barnes and MEEB Supra to four years, collectively support that the instant statute of limitation is 4 years as well under the cited cases. Even though plaintiff is not require to pled damages, plaintiff pled damages from the negative credit reporting and other damages to be adjudicated at trial to be very significant, the other minor damages were attributed to the promised lower monthly payment that Homeward promised which was vanished by the sudden transfer of servicing from Homeward to its parent company Ocwen. The court must accept the truth of these allegations when deciding Rule 12(b)(6) motion under the settled case law. These were deceptive and unfair conducts that consisted consumer protection violation under 93A, therefore under the stated ground RESPA statute of limitation must be consistent with chapter 93A limitation of four years.

c. Defendants argued that Fraud and Misrepresentation regarding the fraudulent assignment of

mortgage by Security Connection Inc was timed-barred as well (see page 7).

The Defendants are misguided. The assignment of mortgage is a contract. A credible authority on this subject is the Land Court, in a very articulated decision Judge Foster made this argument in Abate v. Fremont Investment & Loan, 2012 WL 6115613 (Mass. Land Court 2012) and observed as follows: "Like a sale of land itself, the assignment of a mortgage is a conveyance of an interest in land that requires a writing signed by the grantor. See G. L. c. 183, § 3; Saint Patrick's Religious, Educ. & Charitable Ass'n v. Hale, 227 Mass. 175, 177 (1917)." Furthermore, he also address the contention that the borrower is not entitled to challenge the assignment of mortgage, he articulated otherwise and stated the following: "As a general rule, it is correct that only parties to a contract or the intended thirdparty beneficiaries of the contract have the right to enforce the contract. See Harvard Law Sch. Coalition for Civil Rights v. President & Fellows of Harvard College, 413 Mass. 66 , 7071 (1992). It is also correct that an assignment of a contract is, itself, "a contract to be interpreted according to ordinary rules of contract interpretation." Spellman v. Shawmut Woodworking & Supply, Inc., 445 Mass. 675, 681 (2006)."

Therefore applying the instant tenet, the asignmet of mortgage is a contract subject to six year of limitation see G.L.c. 260§ 2: "[a]ctions of contract ... shall ... be commenced only within six years next after the cause of action accrues.".

4. Response to Defendants contention that 209 CMR 18 does not afford private action.

The defendants' belief is misplaced because they perhaps unaware that the regulation since the cited cases has changed to allow private action. To buttress the argument, plaintiff attached both the old and amended regulation where the amended version does indeed prescribes that such a violation

constitutes a 93A violation. The defendants failed to make the argument that support their request to dismiss this claim.

5.Response to defendants' claim that plaintiff lacks standing to challenge the assignment of mortgage (page 9-Par C). To the contrary, there are ample cases that support otherwise. Citing Judge Foster in Abate Supra again who himself cited Judge Woodlock and found as follows.

As a general rule, it is correct that only parties to a contract or the intended thirdparty beneficiaries of the contract have the right to enforce the contract. See Harvard Law Sch. Coalition for Civil Rights v. President & Fellows of Harvard College, 413 Mass. 66 , 7071 (1992). It is also correct that an assignment of a contract is, itself, "a contract to be interpreted according to ordinary rules of contract interpretation." Spellman v. Shawmut Woodworking & Supply, Inc., 445 Mass. 675 , 681 (2006).

In order to exercise the power of sale in a mortgage and foreclose upon the property, the party seeking to foreclose must hold the mortgage title, either as original mortgagee or by a valid assignment. G.L. c. 183, § 21; Ibanez, 458 Mass. at 647648.A foreclosure by a person who does not hold the mortgage is void. Id. at 647. [Note 6] Conversely, a foreclosing entity seeking to establish its title must prove that it had title allowing it to foreclose, i.e., that it held the mortgage either as original mortgagee or by a valid assignment. Ibanez, 458 Mass. at 645, 646. In other words, Abate has standing to challenge the validity of the Assignment because he is facing a concrete and particularized injury in fact (the loss of his property interest in the Property by foreclosure of his equity of redemption) that is causally connected to Deutsche Bank's actions (its attempted foreclosure of that property interest) and that is likely to be redressed by prevailing in this action (determination that Abate has superior title). Butler v. Deutsche Bank Trust Co.Americas, No. 1210337DPW,2012 WL 3518560 (D. Mass. Aug. 14, 2012), at *6, quoting Antilles Cement Corp. v. Fortunato, 670 F.3d 310, 317 (1st Cir. 2012); In re Bailey, 468 B. R.464, 475476(Bankr. D. Mass. 2012).

He went on to cites as follows: In Butler, the court(Judge Woodlock) noted that Massachusetts law draws a useful distinction between void and voidable assignments. Butler, 2012 WL 3518560, at *7, citing Service Mtge. Corp. v. Welson, 293 Mass. 410 , 413 (1936); Murphy v. Barnard, 162 Mass. 72 , 77 (1894); McCarty v. Murray, 3 Gray 578 , 580 (1854). If an assignment is void, then the mortgage was never assigned to the assignee, and the assignee does not hold the legal title necessary for it to be able to foreclose. Butler, supra. Where "a grantor has

nothing to convey . . . [t]he purported conveyance is a nullity, notwithstanding the parties' intent." Bongaards v. Millen, 440 Mass. 10, 15 (2003). In light of the foregoing, plaintiff contends that Security Connection Inc "had nothing to convey". Therefore the January 3, 2013 subject assignment was null and void. To a minimum, such argument will be argued further in either summary judgment motion or at trial. Thus, the foregoing does not support that the defendants are entitled to their request to dismiss this claim.

6.Response to defendants' argument that G.L.c. 93 § 49 does not provide private action and that defendants did not violate said statute (see page 11). To the contrary, the statute prescribes violation of this chapter constitutes a violation of 93A, enclosed copy of the statute for the court's convenience. Furthermore, the statute clearly prohibits unfair and deceptive conducts. In this instance, plaintiff as required by the statute, served the defendants with pre-suit 93A demand. The parties went through several months of negotiations. Plaintiff expressed to defendants that he would forgo challenging any claims if the defendants would clear the negative credit reporting that has been paralyzing the plaintiff from engaging in business. The defendants refused. At last defendants on December 27, 2016 represented in a letter that they needed ten days to respond. Plaintiff did not file this action on the hope that this matter can be resolved. In the interim defendants knowing well that they are not lawful servicer under RESPA which is to be determined by the court, and the defendants knew that they lacked valid assignment of mortgage which the plaintiff has contested and informed them that these allegations shall be determined by a court proceeding. Yet, while defendants claimed that they needed additional 10 days to respond to plaintiff's 93A letter and allegations, on that same day, defendants filed the foreclosure action and recorded foreclosure documents with the registry of deeds slandering the

plaintiff and the property title. The defendants' conducts was unfair as prescribe in said section 49. Such a violation constitutes a 93A violation. Plaintiff is entitled to the appropriate relief.

7.Defendants RESPA argument of page 14 was addressed above.

8. Response to defendants' argument in Par F that plaintiff suffered no damages. They are incorrect. Plaintiff's damages from the false and unauthorized negative credit reporting are significant damages. He Pled in the complaint and referenced above of the damages he suffered from the negative credit reporting, from denying the promised refinancing, the unlawful insurance charges in violation of 12 USC 2605 K and m and lately the slandering from the foreclosure that supposedly the defendants were consider resolution and more relevantly they have no lawful authority to execute. Plaintiff is entitled to a trial to adjudge and obtain the appropriate relief. Defendants conducts constitutes gross violation of 93A, plaintiff is entitled to triple damages in light of the defendants' entire unlawful conducts spanned multiple years of deceptions and unfair business conducts.

9. Defendants argued that plaintiff's pleading failed to comply with Rule 8. Plaintiff acknowledges the requirement of Rule 9 that requires extensive detail but Rule 8 limits the pleading. However courts always operate not to let procedures stand in way of justice. Plaintiff is entitled to the appropriate relief under the applicable law and urges the court to set this matter for Rule 16 hearing as soon as possible.

10. Defendants made no arguments regarding the forced insurance and non-negotiable note counts 5 and 6 and thus deemed admitted.

WHEREFORE, in light of the above grounds, plaintiff respectfully requests that the court deny Ocwen' motion to dismiss; plaintiff respectfully requests that the court schedule a Rule 16 hearing to try this action.

Signed under penalty of perjury

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy
of the above document was served upon
the defendants by mail on April 27, 2017

Dated: April 27, 2017

Respectfully submitted,

Jack Saade
POBox 15303
Boston, MA 02215
(617) 966-3087