United States District Court
District of Massachusetts

| | |
|---|---|
| Jack Saade, <br><br> Plaintiff, <br><br> v. <br><br> Security Connection Inc.; Ocwen Loan Servicing LLC; American Home Mortgage Servicing, Inc.; HSBC Bank, USA, National Association; Orlans Moran, PLLC; <br><br> Defendants. | Civil Action No. 17-10168-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from allegations of misconduct with respect to the refinancing of a mortgage, its assignment and conduct by the servicer of the mortgage. Plaintiff Jack Saade ("plaintiff" or "Saade"), who appears pro se, alleges that Option One Mortgage Company ("Option One"), the original mortgagee of property he owns, misrepresented the status of his mortgage refinancing. He contends that 1) Security Connection Inc. ("SCI"), a facilitator of mortgage assignments, committed fraud and 2) Ocwen Loan Servicing LLC ("Ocwen"), the mortgage servicer, engaged in various unfair trade practices, 3) Orlans Moran PLLC ("Orlans Moran"), legal counsel for the mortgagee,

-1-

engaged in unfair debt collection practices, and 4) HSBC Bank, USA, National Association ("HSBC"), the purported assignee of the mortgagee, was not a legitimate assignee.

Before the Court are 1) motions to dismiss of defendants Orlans Moran, Ocwen and SCI, defendant 2) Ocwen's motion to continue and defer plaintiff's motion for partial summary judgment, 3) plaintiff's motions for summary judgment generally and, in particular, as to Counts II, III and IV and to vacate the Court's order granting defendant Homeward's motion to dismiss, and 4) plaintiff's request for notice of default as to HSBC.

**A. Background**

Plaintiff alleges a number of illicit incidents by several entities on a number of occasions.

The first nucleus of allegations concerns the refinancing of plaintiff's mortgage. Mr. Saade obtained a mortgage from Option One in 2003. In 2009, he sought to refinance that mortgage. Saade alleges that Option One was evasive and misinformed him that the request was under review when, in fact, it was not.

A second alleged wrong-doing involves a series of assignments of the 2003 mortgage. According to plaintiff, Option One assigned the mortgage to American Home Mortgage Servicing, Inc., ("AHMSI"), the original mortgage servicer,

which, in turn, assigned the mortgage to Homeward Residential, Inc. Homeward was eventually acquired by Ocwen.

Plaintiff's third claim focuses on an affidavit that Ocwen filed with the registry of deeds averring the authenticity of what plaintiff alleges were fabricated mortgage records produced by SCI.

The final alleged misconduct involves Ocwen's servicing of the loan. Saade alleges that Ocwen placed "forced insurance" on the property, knowing that it was already adequately insured and causing Saade additional expense. In addition, Saade claims that his loan servicer was replaced without proper statutory notice.

Plaintiff originally brought this suit in the Massachusetts Land Court (Suffolk County) in January, 2017. The case was removed to this Court later that month. Plaintiff filed an amended complaint in February, 2017, and the multiple motions to dismiss and for partial summary judgment followed <u>seriatim</u>.

The Court will address each count of the amended complaint in turn.

**B. Analysis**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 570 (2007). In considering the merits of

a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009). Threadbare recitals of the legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id. Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

**Count I – Intentional Misrepresentation and fraudulent assignment of mortgage**

Count I in the amended complaint alleges two different claims. First, plaintiff avers that Option One misrepresented to plaintiff the status of his refinancing application. Second, plaintiff contends that Option One, AHMSI, Homeward and Ocwen fraudulently assigned the mortgage in a scheme facilitated by SCI. Saade alleges that SCI employees fraudulently represented themselves to be employees of the assignor (Sand Canyon) to fabricate the assignment.

Although intentional misrepresentation and fraud claims often arise in the context of a contract, Massachusetts state courts consistently construe such claims as torts. <u>Salois</u> v. <u>Dime Sav. Bank of New York, FSB</u>, 128 F.3d 20, 24 (1st Cir. 1997). The issue presents a threshold determination for this Court. Actions of contract, under Massachusetts law, must be commenced within six years after the cause of action accrues, M.G.L. ch. 260, § 2, while tort actions must be commenced within three years. M.G.L. c. 260, § 2A. For "[a]ctions arising on account of violations of any law intended for the protection of consumers," a plaintiff has four years to commence an action. M.G.L. ch. 260, § 5A ("including but not limited to . . . chapter ninety-three A").

Here, plaintiff's intentional misrepresentation claim arises from his frustrated attempts to refinance his mortgage in 2009. Plaintiff filed his complaint in this action in January, 2017, more than seven years after the complained-of conduct. This action is time barred.

The second claim within Count I arises from the allegedly fraudulent assignment of a mortgage executed on January 3, 2013 and recorded on January 31, 2013. Plaintiff filed his complaint in this action on January 31, 2017, exactly four years after the alleged wrongful conduct. Because the Massachusetts statute of limitations for tort claims is three years, the plaintiff's common law fraud claim is time barred.

Plaintiff's claims for fraud and intentional misrepresentation are barred by the statute of limitations and therefore Count I will be dismissed.

**Count II - Violations of 15 U.S.C. § 1692(e)(6), 940 CMR 7.04 (1)(A) and 209 CMR 18.16(2) (Unfair debt collection)**

Plaintiff alleges that Ocwen and Homeward, Ocwen's subsidiary, transferred plaintiff's account between the two loan servicing companies to "preclude a favorable refinancing term" that would have lowered plaintiff's monthly payments. Such conduct, plaintiff contends, is a violation of federal and Massachusetts law.

Section 1692 of Title 15 of the United States Code is better known as the Fair Debt Collection Practices Act ("FDCPA"). The text of the FDCPA provides that a violation thereof "is an unfair or deceptive act or practice in violation of" the Federal Trade Commission Act ("FTCA"). See 15 U.S.C. § 1692l(a). Chapter 93A of the Massachusetts General Laws incorporates the FTCA. See McDermott v. Marcus, Errico, Emmer & Brooks, P.C., 775 F.3d 109, 122 (1st Cir. 2014). Furthermore, Massachusetts has enacted its own equivalent of the FDCPA in M.G.L. c. 93, § 49. Accordingly, conduct that violates the FDCPA also violates the FTCA, Chapter 93A and Chapter 93, § 49. See McDermott, 775 F.3d at 122-23.

The plaintiff frames Count II as an FDCPA claim. That claim is time barred. The FDCPA requires a plaintiff to file suit within one year from the date on which the violation occurs. 15 U.S.C. § 1692k(d). Here, plaintiff alleges that defendants violated the FDCPA by virtue of a notice on February 13, 2013 of a service transfer to Ocwen to occur on March 1, 2013. Plaintiff filed his complaint in this action in January, 31, 2017, more than three years after the alleged violation.

Plaintiff's FDCPA claim is barred by the statute of limitations.

Plaintiff also relies in Count II on the Massachusetts Code of Regulations but the provisions upon which he relies do not

provide for a private cause of action. See Ishaq v. Wachovia Mortg., FSB, 2010 WL 1380386, at *4 (D. Mass. Apr. 2, 2010). Absent a private right of action, plaintiff's claim must be dismissed.

Accordingly, Count II will be dismissed.

**Count III - Violation of 15 U.S.C. § 1692 and M.G.L.c. 93 § 49 (Unfair debt collection)**

Plaintiff alleges that Ocwen and its law firm, Orlans Moran, filed a fraudulent affidavit with the registry of deeds on December 27, 2016. Because plaintiff filed this action in January 2017, this claim is not time barred.

A viable claim for violation of the FDCPA requires that a plaintiff establish three elements: (1) that she was the object of collection activity arising from consumer debt, (2) that defendants are debt collectors as defined by the FDCPA, and (3) defendants engaged in an act or omission prohibited by the FDCPA. O'Connor v. Nantucket Bank, 992 F. Supp. 2d 24, 30 (D. Mass. 2014).

To the extent that Ocwen's conduct in this matter can be found to be an unfair, unreasonable or deceptive collection of debt under M.G.L.c. 93 § 49, it can also constitute an unfair or deceptive act under Chapter 93A.

The alleged misconduct by Ocwen does not concern the fraudulent assignment that occurred in 2013 but rather an

-8-

affidavit filed with the registry of deeds averring the authenticity of the allegedly fraudulent assignment. Thus Count III will not be dismissed and Ocwen's motion in that regard will be denied.

Plaintiff does not, however, allege that Orlans Moran is a debt collector or that it acted with knowledge of the fraudulent assignment. Plaintiff has not stated a claim for violation of the FDCPA or § 49 against Orlans Moran. Orlans Moran's motion to dismiss will therefore be allowed.

**Count IV – Violations of the Real Estate Settlement Procedures Act (RESPA)**

As a general rule, RESPA requires that a borrower be given 15 days' notice before his loan is transferred to a new servicer. See 12 U.S.C.A. § 2605(b)(2)(A). Plaintiff claims that no such notice occurred. To the extent such practices violated RESPA, they also violated Chapter 93A of the Massachusetts General Laws, the Consumer Protection Act. A claim under RESPA § 2605 must be filed within three years of a violation. 12 U.S.C. § 2614.

Plaintiff's RESPA claims arise out of a notice of transfer dated February 13, 2013. Plaintiff filed his complaint in this action in January, 31, 2017, more than three years after the subject transaction occurred. Plaintiff's RESPA claim is,

accordingly, barred by the statute of limitations and Count IV will be dismissed.

**Count V – Violations of the Real Estate Settlement Procedures Act (RESPA)**

Plaintiff alleges that Ocwen acquired a series of forced insurance policies on the property, "adding considerable charges for such insurance." Such conduct, according to plaintiff, violates RESPA sections 2605(k)(1)(A) and 2605(m).

To prove a RESPA violation, a plaintiff must show

(1) that the servicer failed to comply with the statute's [ ] rules; and

(2) that the plaintiff incurred actual damages as a consequence of the servicer's failure.

Foregger v. Residential Credit Solutions, Inc., 2013 WL 6388665, at *4 (D. Mass. Dec. 5, 2013).

Defendant contends that this claim should be dismissed because plaintiff has not alleged that he was damaged by the action or that the damage was proximately caused by defendant's violation.

The plaintiff has, however, alleged that the property was insured, that the defendant forced the placement of additional insurance in spite of knowledge of that fact and that the policies "added considerable charges." He has stated a claim for violation of RESPA § 2605 and defendant's motion to dismiss that count will be denied.

**Count VI - HSBC failed to acquire the mortgage note**

Plaintiff alleges that HSBC has no valid interest in the note. The parties currently dispute whether process has been properly served upon HSBC. Accordingly, the Court will allow plaintiff until Monday, November 6, 2017 to complete service of process upon HSBC and if he does so, HSBC will file responsive pleadings pursuant to the federal rules of civil procedure.

**C. Leave to Amend Plaintiff's Amended Complaint**

Many of plaintiff's claims under federal law are time barred by various statutes of limitations. Mr. Saade, a pro se plaintiff, has noted both in written pleadings and at the hearing on October 6, 2017, that Chapter 93A of the Massachusetts General Laws provides for a four-year statute of limitations and that many violations of federal consumer law and common law implicate Chapter 93A. His amended complaint, does not, however, assert any claims under that chapter.

The First Circuit Court of Appeals has explained that the fact a plaintiff files a complaint pro se "militates in favor of a liberal reading." See Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000). In particular, courts are instructed to "endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." Rodi v. S. New England Sch. Of Law, 389 F.3d 5, 20 (1st Cir. 2004). At the same time, the Court will not become a drafter of pleadings, especially in a

-11-

realm of consumer law where attorneys' fees are made available by statute to ensure the protection of plaintiffs such as Mr. Saade. <u>See</u>, <u>e.g.</u>, 15 U.S.C. § 1692k(a)(3) (providing for reasonable attorneys' fees as determined by the court); M.G.L. ch. 93A § 11 (providing for attorneys' fees and costs).

To the extent that plaintiff's federal claims are time barred, Mr. Saade has no remedy but insofar as he can assert state law claims that are not barred by the relevant Massachusetts statutes of limitations, he will be granted one final opportunity to amend his complaint for a second time. Any such second amended complaint shall be filed with the Court and copies provided to the remaining defendants on or before Monday, November 6, 2017, and must be in compliance with Federal Rule of Civil Procedure 8(a)(2) which requires that such a pleading contain "a <u>short</u> and <u>plain</u> statement of the claim[s]" (emphasis added).

### ORDER

For the foregoing reasons,

- defendant Ocwen's motion to dismiss (Docket No. 25) is, with respect to Counts III and V, **DENIED** but is otherwise **ALLOWED**;

- defendant Security Connection Inc.'s motion to dismiss
  (Docket No. 46) is, with respect to Count III, **DENIED**
  but is otherwise **ALLOWED**;
- defendant Orlans Moran PLLC's motion to dismiss
  (Docket No. 20) is **ALLOWED**;
- defendant Ocwen's motion to continue and defer (Docket
  No. 69) is **DENIED** as moot;
- plaintiff's motions to vacate the Court's order
  allowing the motion to dismiss (Docket No. 60), for
  partial summary judgment (Docket No. 64), and for
  partial summary judgment as to Counts II, III, and IV
  (Docket No. 66) are all **DENIED**; and
- plaintiff's request for notice of default as to HSBC
  (Docket No. 55) is **DENIED**.  Plaintiff has until
  Monday, November 6, 2017, to complete service of
  process upon HSBC Bank, USA, National Association.

As a result of the Court's rulings, the plaintiff's amended complaint survives as follows:

1) Count I is **DISMISSED** as time barred;

2) Count II is **DISMISSED** with respect to the FDCPA claim as time barred and, with respect to the Code of Massachusetts Regulations claims, for failure to state a claim upon which relief can be granted;

3) Count III is **DISMISSED** as to defendant Orlans Moran for failure to state a claim upon which relief can be granted but may proceed with respect to defendant Ocwen;

4) Count IV is **DISMISSED** as time barred;

5) Count V may proceed as alleged;

Plaintiff has until Monday, November 6, 2017, a) to complete service of process upon defendant HSBC Bank, USA, National Association with respect to Count VI, and b) to file a second amended complaint so long as it is in compliance with Federal Rule of Civil Procedure 8(a)(2).

**So ordered.**

<u>/s/ Nathaniel M. Gorton</u>
Nathaniel M. Gorton
United States District Judge

Dated October 12, 2017