**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| Jack Saade; | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|       v. | )    Civil Action No. |
| | )    17-10168-NMG |
| Security Connection Inc. et al., | ) |
| | ) |
|       Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## ORDER

**GORTON, J.**

In this case a <u>pro</u> <u>se</u> plaintiff alleges misconduct with respect to the refinancing, assignment and servicing of a mortgage. On October 12, 2017, this Court allowed, in part, and denied, in part, defendants' motion to dismiss plaintiff's amended complaint. Pending before the Court now are plaintiff's motion for reconsideration of that motion to dismiss and plaintiff's motion "to set case for alternative dispute resolution".

A motion for reconsideration is an "extraordinary remedy" granted only when the movant demonstrates that the court committed a "manifest error of law" or that newly discovered evidence not previously available has come to light. <u>Palmer</u> v.

Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (quoting

Charles Alan Wright et al., Federal Practice and Procedure §

2810.1 (2d ed. 1995)). Plaintiff does not allege that new

evidence has been discovered, but, instead, maintains that the

Court erred in its application of the law.

Plaintiff correctly observes that 1) violations of certain

consumer protection statutes constitute per se violations of

M.G.L. c. 93A, see, e.g., Polaroid Corp. v. Travelers Indem.

Co., 414 Mass. 747 (1993), 2) the First Circuit Court of Appeals

has held that certain violations of the federal Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.,

constitute violations of Chapter 93A, see McDermott v. Marcus,

Errico, Emmer & Brooks, P.C., 775 F.3d 109, 123 (1st Cir. 2014),

and 3) Chapter 93A has a longer statute of limitations than the

FDCPA.

Notwithstanding these truisms, plaintiff's amended

complaint was correctly dismissed, in part, as deficient. The

statement of a claim must give the defendant "fair notice of

what the plaintiff's claim is and the grounds upon which it

rests." Educadores Puertorriquenos en Accion v. Hernandez, 367

F.3d 61, 66 (1st Cir. 2004) (quoting Conley v. Gibson, 355 U.S.

41, 47 (1957)). Plaintiff's amended complaint did not provide

defendants with fair notice that he was bringing his FDCPA and

Real Estate Settlement Procedures Act ("RESPA") claims under

Chapter 93A.  Furthermore, the Court granted plaintiff leave to amend his amended complaint but plaintiff has not done so.

Because the Court did not commit a "manifest error of law", plaintiff's motion for reconsideration (Docket No. 95) is **DENIED**.

Plaintiff's motion to set case for alternative dispute resolution (Docket No. 96) is **ALLOWED**.

Plaintiff has requested that this Court recommend legal counsel to represent him.  The Court is constrained from doing so but attaches to this order a court document entitled "Legal Services" that may be helpful.  Plaintiff is also encouraged to visit https://www.masslegalservices.org/FindLegalAid, which provides information for reduced or no-cost legal aid programs.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated January 30, 2018