UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JACK SAADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 17-10168-NMG |
| SECURITY CONNECTION INC., OCWEN LOAN SERVICING, LLC, HOMEWARD RESIDENTIAL, OPTION ONE MORTGAGE, SAND CANYON, AMERICAN HOME MORTGAGE SERVICING, INC., HSBC BANK, USA, NATIONAL ASSOCIATION and ORLANS MORAN, PLLC, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS
[Docket No. 184]

April 25, 2019

Boal, M.J.

Plaintiff Jack Saade, appearing pro se, alleges misconduct with respect to the refinancing, assignment and servicing of his mortgage. He has moved for partial judgment on the pleadings. Docket No. 184.[1] For the reasons set forth below, this Court recommends that the District Judge deny that motion.[2]

---

[1] Citations to "Docket No. ___" are to documents appearing on the Court's electronic docket. They reference the docket number assigned by CM/ECF and include pincites to the page numbers appearing in the top right corner of each page within the header appended by CM/ECF.
[2] On December 10, 2018, Judge Gorton referred the instant motion to the undersigned for a report and recommendation. Docket No. 190.

1

I.      PROCEDURAL BACKGROUND

On January 10, 2017, Saade filed a verified complaint in the Suffolk County Land Court. Docket No. 1-1 at 3-15. Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc. ("Homeward"), and HSBC Bank USA National Association, as Trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2003-OP1 ("HSBC Bank") removed the case to this court. Docket No. 1 at 1-4.

On February 28, 2017, Saade filed a six-count amended complaint alleging (I) intentional misrepresentation and fraudulent assignment of his mortgage; (II) unfair debt collection in violation of, among other laws, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; (III) violations of the FDCPA and M.G.L. c. 93, § 49 for recording a "deceptive affidavit" with the registry of deeds; (IV) failure to provide the requisite notice prior to the transfer of his loan to a new servicer in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(b)(2)(A); (V) additional violations of RESPA, 12 U.S.C. §§ 2605(k)(1)(A) and 2605(m); and (VI) failure to acquire his mortgage note. Docket No. 17.

Orlans Moran, Ocwen, Homeward and Security Connection Inc. ("SCI") filed motions to dismiss. Docket Nos. 20, 25, 40, 46. On July 5, 2017, Judge Gorton granted Homeward's motion. Docket No. 56. On October 12, 2017, Judge Gorton granted the motions of SCI and Orlans Moran in their entirety and granted Ocwen's motion with respect to Counts I, II, and IV. Docket No. 100.[3] In particular, Judge Gorton found that Counts I, IV and Count II's FDCPA claims were time-barred. Id. at 5-10. Judge Gorton further found that Count II's Massachusetts Code of Regulations claims failed because such regulations do not provide for a private cause of

---

[3] Judge Gorton simultaneously denied Saade's motions for partial summary judgment. Docket Nos. 64, 66.

action.  Id. at 7-8.  Accordingly, Saade's remaining claims are Counts III and V against Ocwen and Count VI against HSBC Bank.

On October 20 and November 15, 2017, Ocwen and HSBC Bank respectively filed answers to the amended complaint.  Docket Nos. 104, 108.  On December 7, 2018, Saade moved for judgment on the pleadings with respect to Counts I, III and VI.  Docket Nos. 184, 185.  Defendants opposed that motion, and Saade filed a reply brief.  Docket Nos. 193, 205.  This Court heard oral argument on April 8, 2019.[4]

## II.   FACTS

Saade obtained a mortgage from Option One Mortgage Corporation ("Option One") in 2003, which he sought to refinance in 2009.  Docket No. 17 at 1, 2.  Saade alleges that Option One was evasive and misinformed him that the request was under review when, in fact, it was not.  Id.

In or around March 2010, Saade alleges that Option One assigned the mortgage to American Home Mortgage Servicing, Inc., the original mortgage servicer, which, in turn,

---

[4] On April 17, 2019, this Court learned for the first time from defendants' status report (Docket No. 231) that Saade has filed a voluntary Chapter 11 bankruptcy petition.  See In re Saade, 19-10687 (Bankr. D. Mass. Mar. 1, 2019).  The defendants further reported that Saade intends to seek a stay of this litigation.  Docket No. 231 at 1-2.  However, as of the issuance of this decision, he has not.  Nor does it appear that he is entitled in this case to the protections of the automatic stay.  An automatic stay protects the "debtor's estate from being eaten away by creditors' lawsuits and seizures."  Getty Petroleum Mktg., Inc. v. 2211 Realty, LLC, No. 11-40003-FDS, 2012 WL 527655, at *3 n.4 (D. Mass. Feb. 16, 2012) (citing Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n, 892 F.2d 575, 577 (7th Cir. 1989); In re Nelson, 994 F.2d 42, 44 (1st Cir. 1993); Rivera Colon v. Padilla Ferrer, No. Civ. 00-2351 (JAG), 2003 WL 21692003, at *1 n.1 (D.P.R. July 14, 2003)).  For that reason, "the automatic stay is inapplicable to suits by the [debtor]."  Id. (emphasis in original).  As a result, the automatic stay does not prevent a trustee or debtor in possession of appearing in an action which the debtor has initiated and that is pending at the time of bankruptcy, nor does it prevent persons whom the debtor has sued from protecting their legal rights.  Id. (citations omitted); see In re Way, 229 B.R. 11, 13 (B.A.P. 9th Cir. 1998).

assigned the mortgage to Homeward.  Id. at 2.  Homeward was eventually acquired by Ocwen. Id. at 3.

On or about January 3, 2013, SCI f/k/a Option One assigned its interest in the mortgage. Id. at 1, 5.  SCI recorded this assignment with the registry of deeds on January 30, 2013.  Id.

Ocwen filed an affidavit with the registry of deeds averring the authenticity of what Saade alleges were fabricated mortgage records produced by SCI.  Id. at 4.

Saade alleges that HSBC Bank has no viable interest in the mortgage note because it was conditioned on the mortgage.  Id. at 13.

### III.     DISCUSSION

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss."  Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (citing Curran v. Cousins, 509 F.3d 36, 43-44 (1st Cir. 2007)). Because this motion, like a motion to dismiss a complaint under Rule 12(b)(6), involves some assessment of the merits, a court must view the facts contained in the pleadings in the light most favorable to the party opposing the motion and draw all reasonable inferences in its favor. Curran, 509 F.3d at 43 (citations omitted).

In deciding a motion for judgment on the pleadings filed by a plaintiff, the court considers only allegations of fact that are admitted or not controverted in the pleadings.  Sarvis v. Polyvore, Inc., No. 12-12233-LTS, 2015 WL 5934759, at *3 (D. Mass. Aug. 24, 2015), report and recommendation adopted by, 2015 WL 6182226, at *1 (D. Mass. Sept. 14, 2015).  "Thus, when a defendant denies all of the allegations in an amended complaint, 'the pleadings present genuine issues of material facts' and a plaintiff is 'not entitled to judgment as a matter of law.'" Id. (citation omitted).

4

1. Count I: Intentional Misrepresentation
And Fraudulent Assignment Of Mortgage

In Count I, Saade alleges that Option One misrepresented the status of his mortgage refinancing application and several of the other defendants engaged in a scheme to fraudulently assign his mortgage.  Docket No. 17 at 5-8.  Judge Gorton dismissed this Count because the actions supporting both claims fell outside of the applicable statute of limitations periods.  Docket No. 100 at 5-6.  He then denied Saade's motion for reconsideration.  Docket No. 109.  Saade appears to acknowledge Judge Gorton's dismissal of Count I.  Docket No. 184 at 4-5.  Nevertheless, he argues that he is entitled to a declaratory judgment on the basis of the allegations in this dismissed claim.  Docket No. 205 at 8.

Under the Declaratory Judgment Act, a court has substantial discretion in deciding whether to declare the rights of litigants.  Penney v. Deutsche Bank Nat'l Trust Co., No. 16-cv-10482-ADB, 2017 WL 1015002, at *9 (D. Mass. Mar. 15, 2017) (citing MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 136 (2007)) (citation omitted).  A declaratory judgment is not a cause of action, but instead, a form of relief that is designed to enable litigants to clarify legal rights and obligations before acting upon them.  Buck v. Am. Airlines, 476 F.3d 29, 33 n.3 (1st Cir. 2007); Ernst & Young v. Depositors Econ. Prot. Corp., 45 F.3d 530, 534 (1st Cir. 1995).

Accordingly, there is no legal basis for this Court to recommend that a declaratory judgment should issue on a dismissed claim.  Indeed, a request for declaratory judgment that relates to a cause of action that the court has already dismissed is without merit.  See, e.g., Penney, 2017 WL 1015002, at *10.  Moreover, filing a motion for judgment on the pleadings based on arguments already rejected by the court is "clearly vexatious conduct that disregards the orderly process of justice."  Ramirez v. Arlequin, 491 F. Supp. 2d 202, 204 (D.P.R. 2006) (citation omitted).

To the extent Saade maintains that Judge Gorton's dismissal was erroneous, a motion for judgment on the pleadings is not the appropriate vehicle for review of that decision.[5] Therefore, the undersigned recommends that Judge Gorton deny Saade's motion for judgment on the pleadings with respect to Count I on this basis alone.

### 2. Counts III And VI: Unfair Debt Collection And Failure To Acquire Mortgage Note

With respect to Counts III and VI, Saade's motion is based on the allegations in the amended complaint, which the defendants have denied. Docket Nos. 104, 108; see Docket No. 193 at 6. In that situation, the pleadings present genuine issues of material fact and a plaintiff is not entitled to judgment as a matter of law. See Sarvis, 2015 WL 5934759, at *3. Therefore, Saade has not demonstrated a basis for judgment on the pleadings.[6]

Accordingly, this Court recommends that Judge Gorton deny the motion for judgment on the pleadings with respect to Counts III and VI.

## IV. RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Judge deny Saade's motion for judgment on the pleadings.

## V. REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed

---

[5] Indeed, Saade has moved for reconsideration of that order, which Judge Gorton denied. Docket No. 109.

[6] This basis for denial applies equally to Count I as well.

6

findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge