UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACK SAADE,<br><br>    Plaintiff,<br><br>v.<br><br>SECURITY CONNECTION INC.,<br>OCWEN LOAN SERVICING, LLC,<br>HOMEWARD RESIDENTIAL,<br>OPTION ONE MORTGAGE, SAND<br>CANYON, AMERICAN HOME<br>MORTGAGE SERVICING, INC.,<br>HSBC BANK, USA, NATIONAL<br>ASSOCIATION and ORLANS MORAN,<br>PLLC,<br><br>    Defendants. | Civil Action No. 17-10168-NMG |

REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS
[Docket No. 213]

May 8, 2019

Boal, M.J.

Plaintiff Jack Saade, appearing pro se, alleges misconduct with respect to the refinancing, assignment and servicing of his mortgage. Defendants Ocwen Loan Servicing, LLC ("Ocwen") and HSBC Bank USA National Association, as Trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2003-OP1 ("HSBC Bank") have filed a motion to dismiss pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. Docket No. 213.[1]  For the reasons set forth

---

[1] Citations to "Docket No. ___" are to documents appearing on the Court's electronic docket. They reference the docket number assigned by CM/ECF, and include pincites to the page numbers appearing in the top right corner of each page within the header appended by CM/ECF.

1

below, this Court recommends that the District Judge grant the motion.[2]

I.     PROCEDURAL BACKGROUND

On January 10, 2017, Saade filed a verified complaint in the Suffolk County Land Court. Docket No. 1-1 at 3-15. Defendants Ocwen, Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc. ("Homeward"), and HSBC Bank removed the case to this court. Docket No. 1 at 1-4.

On February 28, 2017, Saade filed a six-count amended complaint alleging (I) intentional misrepresentation and fraudulent assignment of his mortgage; (II) unfair debt collection in violation of, among other laws, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; (III) violations of the FDCPA and M.G.L. c. 93, § 49 for recording a "deceptive affidavit" with the registry of deeds; (IV) failure to provide the requisite notice prior to the transfer of his loan to a new servicer in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(b)(2)(A); (V) additional violations of RESPA, 12 U.S.C. §§ 2605(k)(1)(A) and 2605(m); and (VI) failure to acquire his mortgage note. Docket No. 17.

Orlans Moran, Ocwen, Homeward and Security Connection Inc. ("SCI") filed motions to dismiss. Docket Nos. 20, 25, 40, 46. On July 5, 2017, Judge Gorton granted Homeward's motion. Docket No. 56. On October 12, 2017, Judge Gorton granted the motions of SCI and Orlans Moran in their entirety and granted Ocwen's motion with respect to Counts I, II, and IV. Docket No. 100. Accordingly, Saade's remaining claims are Counts III and V against Ocwen and Count VI against HSBC Bank.

---

[2] On February 21, 2019, Judge Gorton referred the instant motion to the undersigned for a report and recommendation. Docket No. 216.

At the March 8, 2018 joint scheduling conference, Judge Gorton set the fact discovery deadline for August 31, 2018.  Docket No. 122.  Months later, defendants noticed Saade's deposition for October 30, 2018.  Docket No. 214-1.  On October 24, 2018, Saade informed defendants that he would not be available for his deposition.  Docket No. 214-2.  The defendants then sought alternative deposition dates and stated that they would seek court intervention in the event Saade did not provide such dates by November 19, 2018.  Docket No. 214-3.  After Saade failed to do so, on November 28, 2018, defendants filed a motion to compel.  Docket No. 177.  Saade opposed that motion and on the same day, moved for judgment on the pleadings with respect to counts I, III and VI.  Docket Nos. 184, 185.[3]

In his opposition to defendants' motion to compel his deposition, Saade argued that the deposition was unnecessary and unreasonable because he had provided written discovery and could provide any additional information in written form.  Docket No. 185.  During a December 7, 2018 telephone conference, the undersigned informed Saade that the Federal Rules of Civil Procedure allow parties to seek information in documentary and/or testimony form and that the undersigned was inclined to grant the motion to compel if the defendants were able to obtain an extension of the fact discovery deadline.

On December 10, 2018, defendants filed a motion to extend the fact discovery deadline for the limited purpose of taking Saade's deposition, Docket No. 189, which Judge Gorton granted on January 10, 2019.  Docket No. 198.  On January 14, 2019, this Court granted defendants' motion to compel and ordered Saade's deposition to take place no later than February 14, 2019.  Docket No. 202.

---

[3] On April 25, 2019, this Court recommended that Judge Gorton deny Saade's motion for judgment on the pleadings.  Docket No. 232.

Defendants subsequently noticed Saade's deposition for January 22, 2019. Docket No. 214-4.[4] By letter dated January 17, 2019, Saade stated that he would not attend that deposition. Docket No. 214-5. Defendants then requested alternative deposition dates prior to February 14, 2019, and stated that they would seek sanctions, including but not limited to dismissal of the action, if Saade did not respond. Docket No. 214-6. In a letter dated January 23, 2019, Saade refused to "visit [defendants'] office" and proposed instead that they meet for a "chat" in the lobby of defendants' counsel's office building. Docket No. 214-7.

Defendants issued a third notice of deposition for February 7, 2019 and stated that if Saade failed to appear, they would seek sanctions, "includ[ing] a request to dismiss this case." Docket No. 214-8. On February 6, 2019, Saade telephoned defendants' counsel and stated that he would not attend his deposition the next day. See Docket No. 214-9 at 5.

On February 20, 2019, defendants filed the instant motion, which Saade opposed. Docket Nos. 213, 218. In his opposition, he continued to refuse to appear for a deposition in part based on his "serious mistrust of the truthfulness of the defendants." Docket No. 218 at 2.

On March 14, 2019, defendants moved for summary judgment as to the remaining counts notwithstanding the fact that they did not have any deposition testimony from Saade. Docket No. 220. At the April 8, 2019 oral argument, defendants indicated that they continue to seek such testimony. Accordingly, this Court ordered Saade to appear for his deposition by April 22, 2019 and expressly warned him that failure to do so could result in dismissal of the case in its entirety. See Docket No. 229.

---

[4] This notice sets Saade's deposition for January 22, 2018, which appears to be a typographical error as to the year. Docket No. 214-4.

Defendants subsequently noticed Saade's deposition for April 17, 2019 but Saade refused to appear. Docket Nos. 231 at 1; 231-1. Defendants filed a status report notifying this Court of Saade's refusal to appear as well as providing notice that Saade had filed a voluntary Chapter 11 bankruptcy petition. Docket No. 231; see also In re Saade, 19-10687 (Bankr. D. Mass. Mar. 1, 2019). The defendants further reported that Saade intends to seek a stay of this litigation, Docket No. 231 at 1-2, which he has not as of the issuance of this decision.[5] Instead, Saade has filed a response to the defendants' status report in which he suggests that the parties have resolved the case but neglects to address his failure to appear. Docket No. 233. Defendants claim that they have presented Saade with a settlement proposal, but the parties are still negotiating its terms. Docket No. 235.

## II.   DISCUSSION

Rules 37(b)(2)(A) and 37(d) of the Federal Rules of Civil Procedure set forth the sanctions that a court may impose for a party's failure to obey a discovery order or to appear for his or her own deposition. Fed. R. Civ. P. 37(b)(2)(A), (d); see Humphrey v. Comoletti, No. 15-cv-14170-ADB, 2018 WL 2709205, at *2 (D. Mass. June 5, 2018). These sanctions include, among other things, directing certain facts to be taken as established, striking pleadings, finding

---

[5] Nor does it appear that Saade is entitled in this case to the protections of the automatic stay. An automatic stay protects the "debtor's estate from being eaten away by creditors' lawsuits and seizures." Getty Petroleum Mktg., Inc. v. 2211 Realty, LLC, No. 11-40003-FDS, 2012 WL 527655, at *3 n.4 (D. Mass. Feb. 16, 2012) (citing Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n, 892 F.2d 575, 577 (7th Cir. 1989); In re Nelson, 994 F.2d 42, 44 (1st Cir. 1993); Rivera Colon v. Padilla Ferrer, No. Civ. 00-2351 (JAG), 2003 WL 21692003, at *1 n.1 (D.P.R. July 14, 2003)). For that reason, "the automatic stay is inapplicable to suits by the [debtor]." Id. (emphasis in original). As a result, the automatic stay does not prevent a trustee or debtor in possession of appearing in an action which the debtor has initiated and that is pending at the time of bankruptcy, nor does it prevent persons whom the debtor has sued from protecting their legal rights. Id. (citations omitted); see In re Way, 229 B.R. 11, 13 (B.A.P. 9th Cir. 1998). Indeed, courts have held that the postpetition dismissal of a state court action that the debtor initiated prepetition did not violate the automatic stay. See In re Way, 229 B.R. at 15.

a party in contempt of court, and dismissing the action. Fed. R. Civ. P. 37(b)(2)(A). "A district court has wide discretion in choosing sanctions for discovery violations." Humphrey, 2018 WL 2709205, at *2 (quoting Samaan v. St. Joseph Hosp., 670 F.3d 21, 36 (1st Cir. 2012)).

"In determining the appropriate sanction, a court should 'consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation.'" Id. (citing United States v. Pfizer, 188 F. Supp. 3d 122, 136 (D. Mass. 2016); see Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)). Relevant factors include "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions' as well as the existence of a prior warning from the court." Pfizer, 188 F. Supp. 3d at 136 (citing Robson v. Hallenback, 81 F.3d 1, 2-3 (1st Cir. 1996)).

Dismissal ordinarily should be employed as a sanction only when a party's misconduct is extreme. Young, 330 F.3d at 81. Indeed, dismissal with prejudice is a harsh sanction which runs counter to the strong policy favoring the disposition of cases on the merits. Mulero-Abreu v. P.R. Police Dep't, 675 F.3d 88, 94 (1st Cir. 2012). Nevertheless, disobedience of court orders is "inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct." Id. (citation omitted); see Vazquez-Rijos v. Anhang, 654 F.3d 122, 129 (1st Cir. 2011).

Here, Saade has repeatedly refused to sit for his deposition without offering any meaningful justifications. His deposition has been noticed three times. This Court has ordered him to appear on two occasions. It also explicitly notified him that failure to do so may result in dismissal of the action. See Docket No. 202. Saade maintains that opposing counsel has acted in

6

bad faith throughout the discovery process but has not explained, even if true, how any bad faith on the part of the defendants bears a relationship to his own refusal to obey this Court's orders. See Mulero-Abreu, 675 F.3d at 92. Indeed, he has offered no reasonable explanation nor pointed to any mitigating factors that justify his refusal to appear. His disregard for court orders and deadlines has undermined the court's authority and its ability to manage the case. Accordingly, although a severe sanction, dismissal is warranted.

### III. RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Judge grant defendants' motion to dismiss.

### IV. REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge